NEW-YORK,
May, 1806.

Chapman
v.
Lipscombe &
Powel.

A bill was drawn and dated at *New-York*, on persons residing there, who accepted it. The drawers in fact resided at *Petersburgh* in *Virginia*. The bill being protested for non-payment, on the same or next day, two letters were put in the the post-office, giving notice to the *drawers*, one directed to *New-York*, and the other to *Norfolk*, the supposed place of their residence. It was held, that as it did not appear that the holder knew where the drawers lived, he had used due diligence, and that the notice was sufficient.

## Chapman *against* Lipscombe & Powel.

THIS was an action, on an *inland* bill of exchange, against the defendants, as drawers. The cause was tried at the *New-York* sittings, the 27th *April* 1805, before Mr. Justice *Thompson*, when the jury found a verdict for the plaintiff.

The defendants, who are merchants, residing at *Petersburgh* in *Virginia*, drew the bill in question, for $391 and 33 cents, at 6 months sight, dated " *New-York, April* 15 1803," on Messrs. *Hackley & Fisher* of *New-York*, by whom it was accepted.

When the bill became due, payment was demanded of the acceptors, which was refused. The bill having been protested on the 18th of *October* 1803, the clerk of the notary on the same day, or the day after, put two notices in the post-office, in the city of *New-York*, one directed to the defendants at *Norfolk* in *Virginia*, and the other to the defendants at *New-York*, informing them of the protest for non-payment. The clerk testified that he made diligent inquiry after the defendants, at the banks in *New-York* and elsewhere, and the information was, that they resided at *Norfolk*. The plaintiff was absent from the city at the time.

Several bills had been drawn at the same time, by the defendants on *Hackley & Fisher*, one of whom testified, that they were not furnished with funds belonging to the defendants, sufficient to take up all the bills. By an account current, however, it appeared, that after charging all the bills, there was but a small balance due the acceptors.

One *Whitlock*, to whom the bill had been indorsed by the present plaintiff, and who had taken it up at the bank, and held it after it became dishonored, testified, that in *April* 1804, he called on *Lipscombe* one of the defendants, for payment; *Lipscombe* admitted the bill to be his, and said he would make arrangements for payment, that he had

no means then, but would call and pay it before he left town.

A motion was now made to set aside the verdict, and for a new trial; 1. for the misdirection of the judge; 2. because the verdict was against evidence.

Three points were raised in the argument of this cause. 1. That no notice was given to the drawers of the bill, of its having been dishonoured. 2. That no notice was necessary, as there were no funds of the drawers, in the hands of the acceptors. 3. The subsequent promise by the defendant, *Lipscombe*, to *Whitlock*, was a waiver of the want of notice, and will enure to the benefit of the plaintiff.

As the court decided the cause on the first point, and declined delivering any opinion on the other two, it is unnecessary to state the arguments of the counsel, farther than as they apply to the first question.

*Boyd*, for defendant, contended, that there was no evidence whatever, of any notice having been received by the defendants. The defendants reside at *Petersburgh* in *Virginia;* a fact which the plaintiff must have known, or which might have been easily ascertained by inquiry of the acceptors, or other persons who transact business with the defendants. The least that can be required of the *holder,* is that he should send the notice by *post,* or by the first conveyance, to the place where the *drawer* resides; and if he does not know that place, he ought to make proper inquiries to ascertain it.

Here, a stranger, a clerk of the notary, made inquiry at the banks, and was informed, as he says, that the defendants lived at *Norfolk;* but if he had taken the trouble to have inquired of the acceptors, the very persons to whom he presented the bill for payment, he would have learned the real place of their residence. There is, therefore, a want of due diligence in making the inquiry, a negligence and inattention on the part of the plaintiff or his agent, which the general plea of ignorance cannot excuse.

NEW-YORK,
May, 1806.

Chapman
v,
Lipscombe &
Powel.

Sending a letter to *Norfolk* under these circumstances, cannot amount to an actual, or constructive notice ; he might as well have sent it to *Philadelphia*, or any other place ; for the post-master at *Norfolk*, it is to be presumed, did not know that the defendants lived at *Petersburgh*, and the letter would remain in his office until it was called for.

*Baldwin*, contra. The bill was drawn and accepted in the city of *New-York*, and the presumption from the face of it, was, that the drawers lived at *New-York ;* all that the law would require, in such a case, would be that the notice should be given at *New-York.* If the drawer dates his bill at a particular place, the holder is not bound to seek him elsewhere.

If he is not to be found at the place where the bill is dated, and has never lived there, the holder is not obliged to look farther.* A different doctrine would operate as an intolerable hardship on the holder, and greatly clog the negotiability of bills and notes. All that can in justice be required of him, is, that he should use reasonable diligence.

* *Bayley* on bills, 58.

*Per Curiam.* Without discussing or deciding on the point, whether the subsequent promise of *Lipscombe* to *Whitlock*, was a waiver of notice, we are of opinion, that due notice of the dishonour of the bill was given. The bill was drawn and dated at *New-York*, and there is no evidence, that the plaintiff knew that the defendants resided at *Petersburgh ;* he inquired at the banks, and elsewhere, and being informed that the drawers resided at *Norfolk*, he sent a notice by post to them, and another addressed to them at *New-York;* this is sufficient, and all that ought to be required of him. He has used due diligence. Being of that opinion, it is unnecessary to examine the other points, or whether the charge of the judge was correct or not.

Rule refused.