FISHER and another administrators of FISHER
*against* EVANS.

IN ERROR.

THIS was a writ of error to the District Court of the city and county of *Philadelphia.*

The holder of a bill must use reasonable diligence to ascertain the residence of the drawer, for the purpose of giving him notice of its dishonour. It is not sufficient to look for the drawer at the place where the bill is dated, if his residence is elsewhere. Notice left with the family of a seafaring man, during his absence at sea, is sufficient.

It was an action against the defendant as the drawer of a bill of exchange, dated at *Savannah* the 26th of *April* 1809, and drawn upon *Samuel Church* of *Philadelphia*, in favour of *Christian H. Fisher*, the plaintiffs' intestate, at five days sight, for 342 dollars 85 cents. The bill was presented on the 9th of *May* following, and noted for nonacceptance; and on the 17th of *May* was protested for nonpayment.

It appeared upon the trial, that the drawer, *Evans*, was a sea captain, who was frequently absent from his family, in the prosecution of his business; but that his general residence was in *Philadelphia*, where he had a house in which his wife and family lived before and at the time the bill was dis-

honoured. The payee lived in *Savannah.* When the bill was protested, it was sent to *Savannah,* at which time the defendant was absent from that place; but no notice was given to the drawer, nor was any inquiry made for his residence, although the payee knew that he did not reside in *Savannah.* The drawee was indebted to the drawer when the bill was dishonoured, and he afterwards failed.

The counsel of the plaintiff requested the Court to charge the jury, that because the bill was dated at *Savannah,* it was not necessary for the holder to look for the drawer elsewhere; and not being there, notice was dispensed with. The Court on the contrary directed the jury, that the holder was bound to use reasonable diligence to find the drawer, and to give him notice. The plaintiff took a bill of exceptions.

*Shoemaker* for the plaintiff in error. The place where the bill is drawn, must be taken to be the residence of the drawer. He asserts it by the date of his bill. He makes that the place, by the law of which damages are to be regulated, *Slacum* v. *Pomery (a),* and where the holder is to resort in case the bill is dishonoured.

*J. S. Smith* for the defendant in error. The only rule upon the subject is, that the holder must use due diligence to find the drawer or indorser, for the purpose of giving him notice. It is impossible to suppose that the date proves the residence, or circumscribes the inquiries of the holder, particularly in a case where he knows the fact to be otherwise. The holder is not bound to follow the drawer round the world. He may inquire for his residence, and if his diligence is reasonable, and he does not find it, it is sufficient; or if he finds his family, he may leave notice there, though the holder is absent; but he must use reasonable diligence, without regard to the place where the bill is dated. *Muilman* v. *D'Eguino (b), Heylin* v. *Adamson (c), Chitty on Bills* 167, (181), *Cromwell* v. *Hynson (d), Bateman* v. *Joseph (e), Chapman* v. *Lipscombe (f).*

TILGHMAN C. J. I can find no such principle as that for which the plaintiff in error contends, that the place where

the bill is drawn must be taken to be the residence of the drawer. The rule was rightly given by the District Court, "that reasonable diligence must be used to give notice to "the person intitled to receive notice." Where a man has a counting house, or a known place of doing business, it is sufficient if notice is given there. In the present instance, the drawer was with his vessel at *Savannah*, when he drew the bill, and the payee must have known that he did not reside there. The proper place to have given notice, would have been at his house in *Philadelphia*, where his wife and family were. For if he himself had been at sea, it would not be necessary to follow him. The case of *Cromwell* v. *Hinson*, 2 *Esp. Rep.* 511, resembles the one before us more than any which has been cited. It was an action against the indorser of a bill drawn upon *London*, dated and indorsed at *Jamaica*. The indorser was a sea captain who kept a house near *London*, where his wife and family resided, but he himself was generally at sea. It was held that notice to his wife in his absence was sufficient. In 1 *Johns.* 294, *Chapman* v. *Lipscombe* &c., the bill was drawn and dated at *New York*, and payable at *New York*. The drawers resided at *Petersburg* in *Virginia;* but that was unknown to the holder, who, on the protest of the bill, having made inquiry for the drawers, and received information that they resided at *Norfolk*, in *Virginia*, put two letters in the post office, one addressed to the drawers at *New York*, and another at *Norfolk*. This was held to be *reasonable diligence;* but it was not insinuated that it would have been reasonable, if without making inquiry as to the actual residence, the letter had been put into the office addressed to the drawers at *New York*. We are satisfied that the law was properly laid down by the President of the District Court, and therefore the judgment should be *affirmed*.

YEATES J. gave no opinion, having been prevented by sickness from sitting during the argument.

BRACKENRIDGE J. concurred with the Chief Justice.

Judgment affirmed.