*Memorandum.*   PREBLE J. during the whole of this Circuit, was absent on a voyage for the recovery of his health.

### HILL *vs.* VARRELL.

Where the declaration on a bill of exchange contains an averment of due notice of the dishonor of the bill, legal *notice* must be proved.   Evidence that the holder had used *due diligence* to give notice, *without effect,* will not support the declaration.

Where the residence of the drawer of a bill of exchange is unknown to the holder, he ought to inquire of the other parties to the bill, if their residence is known to him.

*Assumpsit* by the indorsee against the drawer of a bill of exchange, of the following tenor ;—"*New-Orleans, May* 22, 1822. " In *Boston,* sixty days after sight of this first of exchange, (sec- " ond, third, and fourth unpaid,) pay to *William G. Hewes,* or " order, five hundred and thirty eight dollars and seventy one " cents, value received, and charge the same to account of brig " *Susan,* with or without further advice, from your obedient " servant, *John Varrell.*" It was directed "to *Jonathan S. Barrell,* Esq. *York, Maine,*"—and was accepted at " *York, June* 24, 1822," by a writing on the margin of the bill.

At the trial before *Weston* J. the plaintiff proved that on the twenty-sixth day of *August* 1822, diligent search was made in

*Boston* for the acceptor, who could not be found there ; and that upon diligent inquiry at the banks, and upon the public exchange in *Boston*, no other person could be found to pay the bill. It was thereupon on that day protested for non-payment, and a letter was put into the post office by the notary, on the same day, addressed to the drawer at *New-Orleans*, giving notice of the dishonor of the bill. The bill was remitted and indorsed by *Hewes* the payee to *John A. Haven* at *Boston*, in payment of goods shipped by *Haven* to *Hewes* ; and on the same *August* 26th, the plaintiff called on *Haven* to know where *Varrell* the drawer resided, and received for answer that he did not know. It appeared that *Haven* knew that the drawer was master of the brig *Susan*, belonging to *Barrell*, at the time he drew the bill ; and that the bill was drawn by him for an account against the brig ; but it did not appear that this information was communicated to the plaintiff, to whom the bill was negotiated in the regular course of trade.

The defendant proved that he had a family in *York*, where he had resided from his youth upwards ; and that the acceptor had resided in the same place all his life time, and was well known in *Boston*, as a merchant resident in *York*. He also proved that after drawing the bill and before the acceptance, he sailed from *New-Orleans* in the brig *Susan*, and that this fact was known to *Haven*. It was admitted that he had a right to draw the bill. It did not appear that any inquiry was made of the *acceptor* concerning the place of *Varrell's* residence ; nor that any notice of the non-payment of the bill was ever given to *Varrell*, unless the letter aforesaid of the notary was legal notice.

But the Judge being of opinion that no sufficient notice was proved to have been given to the defendant as drawer, directed a verdict to be returned for the defendant, subject to the opinion of the whole Court upon that question.

*Shepley* for the plaintiff.

The law requires of the holder that he should use reasonable diligence to give notice of non-acceptance or non-payment to the drawer ; but lays down no universal rule to shew in what this consists. In every case it is a compound question of fact and

Hill *v.* Varrell.

law. *Darbyshire v. Parker* 6 *East* 3. Here the plaintiff could not find the acceptor at the place of payment,—he inquired of the indorser concerning the drawer's residence, but without effect,— and he sent notice by mail in due season, to the place where the bill was drawn ; which was sufficient, being all he could reasonably be required to do. *Chapman v. Lipscombe* 1 *Johns.* 294. *Blakely v. Grant* 6 *Mass.* 386. *Ogden v. Cowley* 2 *Johns.* 284. *Saunderson v. Judge H. Bl.* 509. *Bateman v. Joseph* 12 *East* 433. The only case which seems opposed to these is *Fisher v. Evans* 5 *Bin.* 541. *Chitty on Bills* 236 c.—But there the plaintiff does not appear to have attempted to charge the defendant at any place. But where no notice was in fact given, but certain other acts were done, which the plaintiff contends are sufficient evidence that he has *done what he could* to give notice, it is a question for the jury to determine whether he might have done more to notify the party ; and this question not having been submitted to them, a new trial ought to be granted.

*Emery* for the defendant.

The plaintiff's proof does not correspond with his declaration. Having averred notice, he should have proved it ; for the defendant was entitled to notice, having had authority to draw. *Blakely v. Grant* 6 *Mass.* 388. It is true that in certain cases the want of notice is excused,—as if the holder or his agent be suddenly sick, &c.—provided he proceed to give notice as soon as may be after such impediment is removed. But such is not this case ; for the holder inquired but once, and that in the place where the bill was payable, which was not enough. *Beveridge v. Burgess* 3 *Campb.* 262. He should have inquired of the other persons whose names were on the bill. *Esdail v. Sowerby* 11 *East* 114. *Fisher v. Evans* 5 *Bin.* 541. *Freeman v. Boynton* 7 *Mass.* 483. *Ireland v. Kip* 11 *Johns.* 231. And common diligence in his inquiries of *Haven,* who knew all the facts, would have led him to the knowledge of them. Or he might have asked *Barrell,* whose residence he must have known was in *York,* since the bill was addressed to him at that place. Even after the plaintiff was informed of these facts, he took no measures to give notice to *Varrell.* The case therefore is a case of gross negligence.

Hill v. Varrell.

To the plaintiff's second point he cited *Taylor v. Bradeen* 3 *Johns* 173. 11 *Johns.* 231. *Hussey v. Freeman* 10 *Mass.* 84.

MELLEN, C. J. delivered the opinion of the Court.

The only question which has been raised by the parties in this cause is, whether sufficient notice has been given to the drawer of the non-payment of the bill ; or due and reasonable diligence used to give it. The declaration states that notice of the non-payment was duly given to the drawer. When such is the averment in the declaration, legal notice must be proved ; and the proof of due and reasonable diligence, when ineffectual to give such notice, will not support such averment ; on the contrary, the plaintiff should aver that he had used such diligence, but had been unable to give notice of the dishonor of the bill. See 6 *Mass.* 386 *Blakely v. Grant.* The only notice given in this case was a letter seasonably deposited in the post office in *Boston,* by the notary, whose protest is in the case, directed to the drawer at *New-Orleans.* Now, by the report it appears that the defendant, the drawer, has from his youth resided in *York,* in this State, and for many years with a family there. There is no proof or pretence that he ever resided or had a counting room in *New-Orleans* ; and therefore notice sent by mail, directed to him at that place, cannot be considered as legal notice ; though it would have been sufficient if he had been resident there, though the letter had never reached him. *Freeman v. Boynton* 7 *Mass.* 483. *Shed v. Breet* 1 *Pick.* 401. As the proof, therefore, does not support the averment in the declaration, we are of opinion that the decision of the Judge before whom the cause was tried, that no sufficient notice was proved, was perfectly correct and proper. And here we might stop and enter judgment on the verdict ; but as the counsel have proceeded further, and gone into an examination of the facts reported, and considered them as establishing the point that due and reasonable diligence had been used, though without success, and so that the plaintiff was entitled to recover; it may not be improper or useless to express our opinion on this point also. The authorities cited by the plaintiff's counsel clearly shew that there is on this subject, no universal rule ; that the

law only requires due and reasonable diligence in giving or attempting to give notice ; and that each case must stand on its own peculiar facts and circumstances. The counsel has relied on the case of *Chapman v. Lipscombe* 1 *Johns.* 294. In that case the plaintiff made inquiries in *New-York* to ascertain the residence of the drawer ; and of those whom he supposed most able to inform him. He was informed that he resided in one place, when in fact he resided in another. He notified according to this false information ; innocently given no doubt, and innocently followed ; but the Court considered that as he had made such inquiries as were in his power, and by the information he had received, was led into an error, he was excusable ; and under the circumstances of the case he was considered as having used due diligence, though he had not given legal notice. The counsel has also relied on *Bateman v. Joseph* 12 *East.* 433. That was an action by an indorsee against an indorser. The plaintiff might have given notice to the defendant on the first of *October*, had he known where he lived ; but he did not ascertain that fact till the 4th, when he did give notice. The ignorance of this fact was his excuse for not giving earlier notice ; though he knew where the acceptor and drawer both lived.

The question of *due diligence* was left by Lord *Ellenborough* to the jury, who gave a verdict for the plaintiff. *Garrow* moved for a new trial on the ground that *due diligence* had not been used in making inquiries for the defendant's residence. But the Court said it was a question properly left to the jury, and they had decided it; and without expressing any opinion as to the diligence, refused a rule. This case therefore seems to decide nothing in relation to the one before us. The case of *Fisher v. Evans* 5 *Bin.* 541, and a note in *Story's* edition of *Chitty* 236, *c.* the plaintiff's counsel frankly admitted were not in accordance with his argument. Having noticed these authorities, let us look a moment at the facts in this case, and see what proof there is of *due* and *reasonable diligence.* It does not appear that any inquiry whatever was made in *Boston,* as to *Varrell's* residence when the bill was protested for non-payment; though diligent search was then made for *Barrell* the acceptor; no inquiry appears to have been at *any* time of *any person,* except of *John A. Haven;* so that there is much

obscurity as to what *was done*; but there are facts in the case which shew what *might have been done*, and with every probability of success. Much may be gathered from the face of the bill itself. It is dated at *New Orleans*, and drawn on *Barrell of York, Maine*, and his acceptance is dated at *York*. *Varrell* requests *Barrell* to charge the amount of the bill " to account of brig *Susan with* or *without* further advice;"—and the bill is made payable in *Boston* in 60 days after sight. It is believed that every mercantile man would, from reading this bill, at once conclude that *Varrell* was the master, and *Barrell* the owner of the brig *Susan*; or at least that there was a connection in business between them; and that the anticipated funds for the payment of the bill would be in *Boston* on the arrival of the brig at that place. Now as the holders of the bill could at once know *Barrell's* residence was at *York*, where he always lived, we cannot think that *reasonable diligence* was used to ascertain the place of *Varrell's* residence, when we see that no inquiry, or attempt at inquiry, was made of him. There was every reason for believing that by applying to *Barrell* the desired information could at any moment have been obtained, —the distance between *Boston* and *York* being only seventy miles. This omission is unreasonable inattention and negligence. In the above cited case of *Bateman v. Joseph* notice was given on the 4th instead of the 1st. But in the case at bar no notice was ever given. We will not say that the notice would have been too late, if *Hill*, as soon as the bill was protested, had immediately written to *York* and ascertained of *Barrell* the defendant's place of residence, and on receiving the intelligence, had forthwith sent notice to the defendant,—but nothing of this kind is done, nothing has been attempted by way of inquiry, except in one instance, of *Haven*, and when that was, is left uncertain. On the whole, we perceive no grounds on which the plaintiff can recover, and accordingly, there must be judgment on the verdict.