Mr. Justice ThacheR
delivered the opinion of the court.
This was an action of assumpsit, instituted against the maker and indorsers of a promissory note.
At a term previous to the trial, verdict and final judgment of the cause were rendered, an order of continuance of the cause, as to one defendant, and.of final judgment as to all the defendants, was made in the circuit court. No objection to this proceeding was made at the time, but at a subsequent term the cause came on for trial, and the order referred to seems to have been disregarded by parties. The action was then dismissed as to the de *547 fendants in court, excepting the present plaintiff in error, against ■whom a verdict and judgment, as indorser, -were rendered. At the time of the trial, there was a clear waiver of any error, from the fact of going into trial without objection, even if any could have availed by claiming exceptions at the time the order was made. The proceedings in a cause constitute a whole, and it is the final judgment, in such a case, which binds a party upon which it operates. No prejudice can by possibility happen to the other defendants, as to whom the action was ultimately dismissed ; and the plaintiff in error is the party as to whom the cause was continued in the above-mentioned order, and to which order he certainly has no good ground of complaint; there is no bill of exceptions, embracing this point.
Two other objections were made to the legality of the judgment against Hunt, the defendant below. These consist of the objection that legal notice of protest was not given to him as indorser, and that, while the declaration avers that due legal notice was in fact given, the proof shows merely diligent search, in vain, to ascertain his real residence, which does not support the averment.
Upon the second point, it may be remarked that in this case a notice was actually sent, and it is not a case of a failure to send notice, after diligent and vain search to ascertain the residence of the indorser. But this point, also, is not made by the bill of exceptions.
The only question, therefore, now is, as to the sufficiency of the notice actually sent. The facts were these : The note was dated at Cayuga, which was proved to be in Hinds county, the 1st day of January, 1837, and matured on the 1st day of February, 1838. It was proved that the defendant' removed to within two miles and a half of the post-office at Utica, Hinds county, in January, 1838, and that Cayuga post-office was six miles from the residence to which he had removed. The note was payable at the Grand Gulf Bank, and the notary, not being informed of the residence of the defendant, inquired of the officers of the bank where to send the notice of protest, and was by them directed to send the notice to Cayuga post-office, *548 which was done. There was no evidence as to the residence of the defendant at the time of the making of the note, or his indorsement thereof, or any time until January, 1838.
The removal of the defendant to the neighborhood of Utica, from all that appears, might have taken place on the last day of January, which was the eve of the maturity of the note, and, clearly, without a further showing of information of such removal, or publicity given to it previously, a notice there could not be required. The question is consequently narrowed down to the inquiry whether, while the note was dated at Cayuga, was payable at the bank, and its officers, upon being asked, directed the notice to be sent to Cayuga, the notice was sufficient.
The notary was directed, at the place where the note was made payable, to send the notice to the place where the note was dated. The information he received was direct and positive. It was given to him at the place where it was most natural for him to inquire, that is to say, the place where the parties had agreed the note should be payable. He had no reason to doubt but that the information he received was certain, because it was given without hesitation, and not as a mere opinion. He was put at rest upon the subject. In the case of Chapman v. Lipscombe, 1 Johns. 294, the plaintiff made inquiries in New York to ascertain the residence of the drawer, and of those whom he supposed most able to inform him. He notified, according to his information, although wrongly. He was considered to have used all the diligence required.
In the case at bar, under all the peculiar circumstances, we think the notice was sufficient.
Judgment affirmed.