By the Court. Emmet, J.
The statute of Louisiana, by its terms, makes the certificate of the notary legal proof of the facts which it embraces, only in the courts of that State, and were its provisions not thus limited, so far from being under any obligation to obey, we should be bound to disregard them. There are many cases in which a foreign law must be followed as a rule of decision upon the rights of the parties, but none in which it can be permitted to control and supersede our own rules of evidence.
Setting aside the statute, then, we are clearly' of opinion, that the protests and certificates of the notary at New Orleans were not evidence, either at common law or under our own statute.
The law is settled, that it is only in relation to foreign bills of exchange, that the protest of a foreign notary can be admitted in evidence, and the notes now in prosecution are certainly not bills of exchange. It is true that promissory notes payable in another state or country, may, for remittance, answer the purpose of bills of exchange; but this circumstance is no more sufficient to convert them into bills of exchange than were they bonds under seal containing the same provision as to the place of payment.
As to our own statute it has no application. As we under *285 stand its provisions, it is only to protests made within this State, and by our own notaries, that they can be applied.
We shall give no opinion upon the question, whether if the protests and certificates could be properly read in evidence, the facts set forth would be sufficient to charge the defendants as endorsers. The notary must now be examined as a witness, and it is upon his testimony, when so examined, that the case must ultimately turn.
The verdict is set aside, and there must be a new trial, with costs to abide the event.