HARVEY H. CRIBBS *vs.* ALVIN ADAMS & others.

A foreign bill of exchange or promissory note, payable at sight, is entitled to grace, by the general law merchant, unless the contrary is shown to be the law of the place where it is to be paid; and must therefore be presented for payment.

A notary cannot present a bill or note for payment by deputy, unless authorized by statute or usage of the place where the presentment is made.

ACTION OF CONTRACT upon the following instrument, signed by the defendants:

." Adams & Co. Express and Banking Office, San Francisco, February 10, 1855. No. 63463. Exchange for $1800. At sight of this first of exchange (second and third unpaid) pay to the order of Harvey H. Cribbs eighteen hundred dollars, value received, and place to account of exchange. Adams & Co.

" To Messrs. Adams & Co. of San Francisco, New Orleans."

Across the face of the instrument were these words:

" Payable at the office of Benoist, Shaw & Co. N. O."

" Adams & Co. per R. Hereford."

There was evidence tending to show that Hereford was authorized to accept in behalf of the defendants.

The declaration contained two counts, one declaring upon the instrument in the usual form as upon a bill of exchange, charging the defendants as drawers, and alleging nonpayment; and the other declaring upon it as a promissory note of the defendants, payable at New Orleans, and alleging a demand of payment at New Orleans, and refusal.

The only evidence of a presentation and protest of said draft was the record of a notarial protest of said instrument, over the hand and seal of the notary, which was admitted, against the defendant's objection. " By this public instrument of protest," dated at New Orleans March 18th 1860, " Theodore Guyol, a notary public in New Orleans," over his official signature and seal, certifies that he on that day, at the request of the holder of the instrument now in suit, " by his deputy, W. G. Latham, presented the said draft to a clerk at the office of Benoist, Shaw

& Co. in this city, where it is made payable, and demanded payment thereof, and was answered that no funds had been deposited there to pay the same."

Upon this case, *Metcalf,* J. advised a nonsuit, which was entered, subject to the opinion of the whole court.

*C. H. B. Snow,* for the plaintiff. 1. If this is to be construed as a bill of exchange, proof of acceptance is not necessary; for a bill drawn by one upon himself is to be regarded as an accepted bill. *Cunningham* v. *Wardwell,* 3 Fairf. 466. *Dougal* v. *Cowles,* 5 Day, 511. *Hasey* v. *White Pigeon Beet Sugar Co.* 1 Doug. (Mich.) 193.

The notarial protest of a foreign bill of exchange is evidence of the matters which it recites; and by it a due presentment of the bill, and a refusal for the reason that no funds had been deposited to pay it, are sufficiently shown. *Phœnix Bank* v. *Hussey,* 12 Pick. 483. Under the statutes of Louisiana, presentment by a deputy of the notary is sufficient. *Chew* v. *Read,* 11 Sm. & Marsh. 182. *Carter* v. *Union Bank,* 7 Humph. 548.

The bill was seasonably presented. *Muilman* v. *D'Eguino,* 2 H. Bl. 565. Notice was not necessary in this case to charge the drawer; because the drawer had no funds in the drawee's hands; and because the drawers and the drawees were the same persons. *Warder* v. *Tucker,* 7 Mass. 452. *Savage* v. *Merle,* 5 Pick. 88. *Baker* v. *Gallagher,* 1 Wash. C. C. 461. *Tarver* v. *Nance,* 5 Alab. 712. *Dollfus* v. *Frosch,* 1 Denio, 367. *West Branch Bank* v. *Fulmer,* 3 Barr, 399. *Roach* v. *Ostler,* 1 Man. & Ryl. 120.

2. But the instrument in question does not possess the essential requisites of a bill of exchange, and cannot be so regarded. Three parties are necessary to a bill of exchange, and here there are but two. A bill of exchange has also been defined as an assignment of a debt due to the drawer from a third person. Here the drawer stipulates to pay from his own funds. *Corser* v. *Craig,* 1 Wash. C. C. 424. *Mandeville* v. *Welch,* 5 Wheat. 277. *Debesse* v. *Napier,* 1 McCord, 106. This is a promissory note, and therefore needs no acceptance. Story on Notes,

§§ 16, 209. Bayley on Bills, (2d Amer. ed.) 8. Chit. Bills, (10th Amer. ed.) 28. *Starke* v. *Cheesman*, Carth. 509. *Dehers* v. *Harriot*, 1 Show. 163. *Josceline* v. *Lasserre*, Fortesc. 282. *Roach* v. *Ostler*, 1 Man. & Ryl. 120. *Miller* v. *Thomson*, 3 Man. & Gr. 576. *Edis* v. *Bury*, 6 B. & C. 433. *Block* v. *Bell*, 1 M. & Rob. 149. *Shuttleworth* v. *Stephens*, 1 Campb. 407. *Davis* v. *Clarke*, 6 Ad. & El. N. R. 16.

By the common law, notes payable at sight are not entitled to grace, and therefore need not be presented for payment; and there is no evidence that the law of Louisiana is different. *Jones* v. *Fales*, 4 Mass. 245. *Barker* v. *Parker*, 6 Pick. 80. Rev. Sts. *c.* 33, § 5. *Carter* v. *Burley*, 9 N. H. 558. *Trask* v. *Martin*, 1 E. D. Smith, 505. *Janson* v. *Thomas*, 3 Doug. 421. No presentment, demand or notice was required in this case, and the action can be maintained as upon a simple promissory note payable on demand. Story on Notes, § 228 & note. *Payson* v. *Whitcomb*, 15 Pick. 212. *Carley* v. *Vance*, 17 Mass. 389. *Ruggles* v. *Patten*, 8 Mass. 480. *Field* v. *Nickerson*, 13 Mass. 131. *Lyon* v. *Williamson*, 27 Maine, 149. *Silver* v. *Henderson*, 3 McLean, 165. Averring demand would not render proof of demand necessary. *North Bank* v. *Abbot*, 13 Pick. 465.

*F. H. Dewey*, for the defendants.

This case was decided at Boston in June 1860.

BIGELOW, J. It is quite immaterial to the decision of this case, whether the contract declared on is regarded as a promissory note or a bill of exchange. In either case, being a foreign bill or note, and payable at sight, it was by the law merchant entitled to grace. Story on Notes, §§ 29, 224, 225 *a*. Chit. Bills, (10th Amer. ed.) 273, 365. If by the usage or law of the place where the contract was to be performed no grace was allowed, it was incumbent on the defendants to show it, as otherwise the rule of the general law merchant, as prevailing throughout the United States, must govern. *Wood* v. *Corl*, 4 Met. 203.

It was necessary therefore for the plaintiff to show that the bill or note was presented to the defendants for payment. Without such proof there was no evidence of a breach of the contract. The defendants, whether makers or acceptors, were not bound to

pay until they had sight of the bill or note; because, until then, the time of its payment was not fixed by the commencement of the three days after sight, allowed for grace. Presentment was necessary in order to mark the time when the maker or acceptor was bound to make payment. The rule is, that where a promissory note or bill is payable on usance, months or days after sight, after notice, or at sight, it is essential to make presentment. Without it, by the terms of the contract, the money is not due and payable. Chit. Bills, 365. 1 Steph. N. P. 843. *Holmes* v. *Kerrison*, 2 Taunt. 323. *Sturdy* v. *Henderson*, 4 B. & Ald. 592. *Dixon* v. *Nuttall*, 1 Cr. M. & R. 307, 4 Tyrwh. 1013, and 6 Car. & P. 320. *Thorpe* v. *Booth*, Ry. & Mod. 388.

The case at bar does not come within the rule that no presentment or demand upon the acceptor or maker is necessary, of a bill or note, payable at a particular place at a fixed time. In such case, the debt is payable at the time fixed by the contract, and no notice is required to render the duty of the debtor to pay it absolute. But where a bill or note is payable at sight, the time of the performance of the contract remains uncertain and indefinite until fixed by presentment and demand.

The only other question in the case is, whether the plaintiff offered sufficient evidence of presentment or demand of payment, in order to determine when the three days of grace would terminate, and the bill or note become payable. We think it very clear that there was no competent evidence of this essential fact. Assuming that the protest of a notary, if duly made, and containing a certificate of the presentment and demand by himself, would be admissible to prove it; the difficulty in the present case is, that the notary did not present the bill or note personally, but by his deputy, and so states the fact in his "instrument of protest."

By the common law, as we understand it, and according to the uniform practice in this commonwealth, the duties of a notary must be performed personally, and not by a clerk or deputy. He is a sworn officer, clothed with important public duties, which in their nature imply a personal confidence and trust. Chit. Bills, 458, 460. *Onondaga County Bank* v. *Bates*, 3 Hill,

53. *Hunt* v. *Maybee*, 3 Selden, 266. *Kirtland* v. *Wanzer*, 2 Duer, 278. Doubtless, by well settled usage in some places, and in others by express provision of statute, notaries are authorized to employ clerks or deputies to perform official acts coming within the sphere of their duty, and are empowered to certify and authenticate their acts by their own notarial certificates, in like manner as if such acts had been performed by themselves personally. But such usage or provision of law is a fact to be proved by evidence. 1 Greenl. Ev. §§ 486, 488. Rev. Sts. *c.* 94, §§ 58, 59. At the trial of this case, the plaintiff offered no evidence to prove that a notary in Louisiana was authorized either by usage or statute to employ a deputy, or to authenticate his acts by his own certificate *Plaintiff nonsuit*