## BURK v. SHREVE.

1. The certificate of a notary public, to be competent evidence of the presentment and dishonor of a bill of exchange or promissory note, and of notice to the endorser, under the twelfth section of the act concerning evidence, (*Rev., p.* 272,) must state the facts as to the presentment and dishonor of such bill or note, and of the time and manner of

giving or sending notice of dishonor. The court or jury, on the facts so certified, must decide whether the liability of the endorser has been fixed.

2. The certificate of a notary that he "duly gave notice to the endorsers of non-payment thereof," is not competent evidence as proof of notice to an endorser.

3. If the certificate of the notary is defective in substance, in not stating sufficient facts, the endorser may object to its competency as evidence, though he has not given notice with his plea that he intends to dispute the fact of presentment or notice of dishonor.

4. On appeal, the cause is tried *de novo*, by the Court of Common Pleas, on its merits. Evidence admitted or excluded by the justice, must be passed upon by the Common Pleas, if offered, and judgment be given on the proof made, the same as if the cause had originally been brought in that court.

5. Only objections which go to the form of the remedy, without questioning the right of the plaintiff to recover, are waived by the failure to present them before the justice.

On *certiorari* to Mercer Pleas.

Argued at November Term, 1876, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff in *certiorari*, W. D. Holt.

For the defendant, E. Mercer Shreve.

The opinion of the court was delivered by

DEPUE, J. The plaintiff below sued the defendant below, who is plaintiff in *certiorari*, in the court for the trial of small causes, as endorser of a promissory note made by Warwick Hall, payable at the Central National Bank of Hightstown to the order of the defendant, and by him endorsed. Judgment having been recovered by the plaintiff, before the justice, the defendant took an appeal to the Court of Common Pleas. On the trial of the appeal, judgment was again rendered for the plaintiff for the amount of the note, interest and costs.

The only error complained of in the proceedings below is,

that the court received the certificate of the notary as competent and sufficient evidence of presentment and notice of non-payment.

The contract of endorsement is a conditional contract that the endorser will pay, provided the note is presented at maturity, and that he shall have legal notice of dishonor in case the same is not paid by the maker. In an action against an endorser, the plaintiff must prove that the note was presented at the place where, and at the time when it was payable, and that notice of dishonor was legally given to the endorser, in addition to the endorsement of the note and its delivery.

In case of foreign bills of exchange, protest whereof by a notary is necessary, the notarial certificate of protest is evidence of demand and dishonor. But with respect to inland bills of exchange and promissory notes, they may be presented for payment by any person, and a notarial demand and protest are not necessary to fix the endorser's liability. In actions upon such paper, the notary's certificate, independently of statutory provisions, is not competent evidence of the facts stated in it, and the demand and refusal, as well as notice of dishonor, must be proved by other evidence. *Sussex Bank* v. *Baldwin*, 2 *Harr.* 487; *Barkalow* v. *Johnson*, 1 *Harr.* 397; *Kirtland* v. *Wanzer*, 2 *Duer* 278; *Union Bank* v. *Hyde*, 6 *Wheat.* 572; *Nicholls* v. *Webb*, 8 *Wheat.* 326; 1 *Parsons on Notes* 642–644.

By the ninth section of the "act concerning promissory notes, bills of exchange and notaries public," (*Revision, p.* 688,) protest of bills of exchange, as well as of promissory notes, was permitted to be made by a notary, or, for want of a notary, by a justice of the peace. This provision was not intended to make the protest of inland bills of exchange and promissory notes, by a notary or justice of the peace, a condition precedent to the liability of the endorser. It was adopted with a view of supplying the means of proving demand and notice of dishonor in certain cases, by the certificate of the officer performing the service. By Section 11, the notary or justice, upon protesting any bill of exchange or promissory

note, is required to record in a book to be kept for that purpose, the time when, place where, and upon whom demand of payment was made, with a copy of the notice of non-payment, how served, and the time when, or, if sent, in what manner and the time when, and, if sent by post, to whom the same was directed, at what place, and when the same was put into such post-office; to which record they were required to sign their names, and to give to the person paying the costs of the protest, a certificate, under the hand and seal of office, of the matters and things so required to be entered of record. The section further enacts that upon the death or removal out of the state of such notary public or justice of the peace, such record shall be deposited in the clerk's office of the county in which he last resided. By Section 12, the notary or justice, when called to give evidence upon the subject of such protest and notice, may refer to his record for his own satisfaction; and if it be made to appear that the notary or justice is dead or has removed out of the state, or, after diligent inquiry, his place of residence cannot be discovered, then the record so deposited in the clerk's office, or a copy thereof, certified by said clerk under his seal of office, shall be received as competent evidence of the matters contained in said record.

By the twentieth section of the act concerning evidence (*Revision, p.* 381), the certificate of a notary public of this state, or of any other state or territory of the United States, under his hand and official seal, accompanying any bill of exchange or promissory note which has been protested by such notary for non-acceptance or non-payment, is made "competent and conclusive evidence of the official character of said notary, and also of the facts therein certified, as to the presentment and dishonor of such bill or note, and of the time and manner of giving or sending notice of dishonor to the parties to such bill or note;" provided the party offering the same shall have annexed a copy of such certificate to his declaration, demand, or other pleading; with further proviso, that if the other party shall give notice, in the manner specified, that he intends to dispute the fact of presentment or notice of dis-

honor, that then such certificate shall not be made evidence by the said section, and the facts necessary to fix his liability shall be established by proof, as required before the act was passed.

These enactments have effected a radical change in the rules of evidence in actions on inland bills of exchange and promissory notes. They should be so construed as to limit their operation to cases plainly within the legislative intent. In both instances, the intent is clearly expressed. The record of the resident notary or justice is to contain a statement of facts—the time, place, and upon whom demand was made ; a copy of the notice of non-payment, how served, and when, and, if sent, the particular manner in which it was sent. The certificate, whether it be of a foreign or resident notary, is also to state facts—the facts as to presentment and dishonor, and of the time and manner of giving or sending notice. In either case, the record or certificate is only evidence of such facts within the provision of the statute as are certified to.

In the present case, the certificate of the notary, accompanying the note, states that, on the 30th of December (the date of the maturity of the note), at the request of the holders, he presented the same to the cashier of the First National Bank of Hightstown, at their banking-house (where the same was payable), and demanded of him payment of the same, to which he replied, he would not pay the same, payment being stopped by the maker; " wherefore," he continues, " I duly gave notice to the endorsers of the non-payment thereof."

The certificate is in conformity to the statute, in stating the presentment and dishonor, and is competent evidence of those facts, but does not comply with the statute with respect to notice of dishonor. It does not state the time and manner of giving or sending notice. It was not competent evidence as proof of notice to the endorser.

Proof that notice of protest was given, without proof of its contents, is *prima facie* evidence of sufficient notice. The notice being in the endorser's possession, and within his

power to produce, will be presumed to have been in due form, in the absence of evidence to the contrary. But, with respect to the time and manner of giving or sending notice, there is no presumption against the endorser. To hold him liable on the contract of endorsement, it is necessary to show, positively, that notice was given or sent at the proper time, or to establish a clear case of waiver. *Burgess* v. *Vreeland*, 4 *Zab.* 71; *Sussex Bank* v. *Baldwin*, 2 *Harr.* 437. As was said by Dayton, J., in the case last cited, when speaking of the time of giving notice, " There is nothing wherein greater strictness is required than on this point. It is laid down that notice of non-payment cannot be left to inference, without positive proof."

The general rule is, that notice, when sent by mail, must be placed in the post-office in season to go by the mail of the day after dishonor—that closes after the commencement of usual business hours, allowing a reasonable time, in such business hours, for preparing and posting the notice. *Burgess* v. *Vreeland*, 4 *Zab.* 71. Inability to find the endorser or ascertain his residence, will excuse delay in giving or sending notice, provided reasonable diligence be used in endeavoring to ascertain his residence, and notice be given in a reasonable time after the same is ascertained, or be sent by the proper mail of the next day after the information is received. *Winans* v. *Davis*, 3 *Harr.* 276; *Woodruff* v. *Daggett, Spencer* 526; *Howland* v. *Adrain*, 1 *Vroom* 41.

The notice must be directed to the endorser at the post-office nearest his residence, or at which he usually resorts for his letters. *Hazelton Coal Co.* v. *Ryerson, Spencer* 129. But when the residence of the endorser is not known, and notice is sent after diligent inquiry, in accordance with information on that subject, such as a prudent business man would act upon, it is sufficient, though the information be incorrect. *Chapman* v. *Lipscombe*, 1 *Johns.* 294; *Bank of Utica* v. *Davidson*, 5 *Wend.* 587; *Bank of Utica* v. *Bender*, 21 *Wend.* 643; *Carroll* v. *Upton*, 2 *Sandf. S. C.* 171; *Harris* v. *Robinson*, 4 *How.* (*U. S.*) 336; *Lambert* v. *Ghiselin*, 9 *How.* 552. By

statute, in certain cases, provision is made for directing notices to an endorser at the place where the note, check, draft, or bill of exchange is payable, when, "from the best information, obtained from diligent inquiry, the endorser is reputed to reside or have a place of business" there. *Revision, p.* 690, § 16.

What is "reasonable diligence," or "diligent inquiry," or "reasonable information," is a mixed question of law and fact, depending on the circumstance of each particular case. It was not contemplated by the legislature that these questions should be decided by the notary, whose conduct, in most cases, will enter largely into the circumstances on which the regularity of his proceedings depends. The language of the act, as well as public policy, forbid it. The certificate of the notary comes in the place of his testimony. It must state the facts upon which the court or jury is to decide whether the liability of the endorser has been fixed.

It was contended that objection to the competency or sufficiency of the certificate as evidence, could not be taken on the trial of the appeal, the defendant not having given notice, on the return day of the summons, or the day after, that he intended to dispute the fact of due notice of dishonor, and not having taken the point before the justice. It was not necessary that he should do either. Annexing a copy of the certificate to the declaration or demand, did not make it evidence, or give it effect beyond that prescribed by the statute. The statute makes it evidence only of the facts therein certified, as to the presentment and dishonor, and the time and manner of giving or sending notice. If the certificate be defective in either particular, objection to the substance of the proof may be made, though no notice has been given by the defendant.

On appeal, the cause is tried *de novo*, by the Court of Common Pleas, on its merits. Evidence admitted or excluded by the justice must be passed upon by the Common Pleas, if offered, and judgment be given upon the proof made, the same as if the cause had originally been brought in that

court. *Martin* v. *Thompson*, 5 *Halst.* 142; *Sherron* v. *Humphreys*, 2 *Green* 217; *Ryerson* v. *Marseillis*, 1 *Harr.* 450; *Ramsey* v. *Dumars*, 4 *Harr.* 66; *Vannoy* v. *Givens*, 3 *Zab.* 201. Only objections which go to the form of the remedy, without questioning the right of the plaintiff to recover, are waived by the failure to present them before the justice. *Jaques* v. *Hulit*, 1 *Harr.* 38; *Steward* v. *Sears*, 7 *Vroom* 173.

Judgment reversed, with costs.