4 U.S. 127 (____)
4 Dall. 127
The Bank of North-America
versus
Pettit.
Supreme Court of United States.

*128 It was argued by Tilghman and Lewis, for the plaintiff.
*129 By the COURT:
The defence is want of notice of the protest of the note in question, within a reasonable time. The law in England is very strict upon this subject. Before any statute existed there, to render promissory notes negotiable, such notes were often made; but they were only regarded as evidence of a debt, and could not, as instruments, be declared upon in an action at law, till the provision was made in the statutes of W. 3. and Anne. It is not material, however, to review the history of this paper medium either here, or in England; since it is clear, that in both countries, at this day, the law requires, that notice must be given by the holder, to the indorser of a promissory note, with a demand of payment, in a reasonable time, after the note is dishonoured by the drawer. What constitutes a reasonable time, was formerly considered, by the English Courts, in most cases, as a matter of fact, for the decision of a jury: and since it has been deemed by those Courts, a matter of law, they have held, that if the parties live in the same town, an allowance of even a single day to the holder is quite sufficient. But in Pennsylvania the question of reasonable notice still remains a fact for the jury to determine. Before the institution of the bank of North America, promissory notes were few; there was no time fixed for giving notice; and two, or three, months have often elapsed, before it was given. The bank had, however, a right to introduce new rules, for transacting business with their customers; and those rules being understood and enforced, formed a law of the contract, binding on both the parties. Indeed, the punctuality, and other beneficial consequences, flowing from those rules, seem to have given them a more general operation and force; so as to constitute a general usage, and not merely a usage of the bank. But notwithstanding the necessity of giving notice exists, on general principles, as well as upon the usage, its reasonablenes, we repeat, still depends here upon the verdict of the jury. As soon as we can, consistently with the state of the country, its roads, and its posts, it will be wise to adopt the English law upon the *130 subject, for the sake of certainty and uniformity, in the administration of justice: and, perhaps, (such is the rapid progress of population and public improvement) the Court may, in future, incline to adopt it.