Per Curiam.
 

 The principal question is upon the point of notice.
 

 By the act of 1762, promissory notes are put upon the same footing, as inland bills of exchange in Enland. Therefore the authorities which are to be found in the English books, apply here, and we are all of opinion upon this point with the defendant, no notice having been given of the refusal of Doherty to pay the note.
 

 When a negotiable paper under the act of 1762 or 2786, is indorsed,it should be presented for payment within reasonable time, and if refused or neglected the indorser ought to have notice immediately of such failure, and that the holder intends to look to the indorser. As the drawee of the note lived within one mile of the indorser and indorsee, perhaps one or two days would have been sufficient to make the demand, and give notice, but we do not pretend to decide the shortest time that would be reasonable notice,
 
 (1)
 
 It is sufficient for us to say that from the 14th of March, 1799, to the 4th of September, 1804. when this suit was brought, was more than sufficient, and still there was not any notice. It has been contended, that it is not necessary to give the drawer of a bill of exchange notice, when the drawee has nothing in his hands of the drawer ; so in this case as Doherty the drawer of the note was insolvent it was not necessary to give the indorser notice ; that Doherty was insolvent at July, 1800,seems to be ad
 
 *258
 
 mitted, but he was solvent for some time after the note was indorsed. The character of a promissory note,is somewhat different from a bill of exchange.The act of giving a note includes an acceptance, so that there is no such thing as presenting it for acceptance.
 

 Mass 341 see also 4 Cr. 154 Chitty 154. Phila. Ed. 1809 in n.
 

 Where a bill of exchange is indorsed after the time of payment, it is usually taken on the credit of the indorser, but this does not seem to be the case with an indorsment of a promissory note. It is taken whether before or after the note is due, with a view to the drawer in the first instance, and should in either case be presented for payment, and notice given. On the ground of the statute of limitations and on the principle, that it was incumbent on the indorsees to prosecute the drawer to execution, so as to ascertain his insolvency, which appears to be the principle on which the endorsees went ; the statute seems to apply. The facts assumed by them are, that the drawer was insolvent, at July, 1800, when the execution against him was returned, and afterwards amended. As the amendment was made at the instance of the indorsees, it is not necessary to consider the propriety of it, with a view to the statute of limitations. The circumstance of taking the amendment as proper, which the indorsees insist on, brings the statute into operation. And the time must be computed from July, 1800.
 

 Verdict for defendant.
 

 (1)
 

 1 Dall. 254. Gd. Esp. N.P. 120 to 124. 4 Dall. 129 6 East. 14, n.