The opinion of the court was delivered by
Gibson, J.
There is a class of cases in which an action can be maintained only on the contract, as where a chattel is sold with *259 out a stipulation to rescind the contract in case it should turn out ,to be'different from what it is represented to be: there the contract- remains open and the remedy is on the warranty, if there be any. But it is clear that money received mala fide or by deceit, may‘be recovered back in an action for money had and received. So where there has been no fraud, but the title of the vendor has been found to be defective: as in the case of the purchase of a lease, where the vendor had a less time to come than what was mentioned in the agreement; and there it was held that as the parties 'had proceeded on a supposition that a particular state of things existed and were mistaken in it, the purchaser might consider the contract as at an end, and recover in indebitatus assumpsit on the common principle of failure of consideration. Here there could be no failure of consideration, as the assignee of the judgment agreed to take the risk of recovery on himself; but the judge who tried the cause was of opinion also, that he could not recover even on the ground of fraud if it were shown, but that he would be driven to an action on the case in nature of deceit. The law, however, is clearly otherwise. Fraud renders the contract void, and puts the party defrauded in a condition to treat it as a nullity. If this be so there is nothing in the way of a promise by implication of law to restore the money which the defendant received as the consideration of the assignment. The cases cited and many others that might be produced, fully bear this position out; and it is therefore unnecessary to dwell longer on the subject: The judgment is to be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.