## HAMILL v. O'DONNELL.

May 27, 1837.

*Rule to show cause why the judgment should not be set aside.*

The words "book debt" under the act of 28th March, 1835, means, debts for goods sold and delivered, and for work, labour, and services: and the words "book entries" mean, the entries in the *original* book of the plaintiff, which, under the ordinary rules, would be competent to go to a jury as evidence in support *of plaintiff's* claim.

[Hamill v. O'Donnell.]

THIS was an action to December term, 1836, No. 153.   The plaintiff filed a copy of "book entries," under the act of 28th March, 1835, his claim being for a "book debt;" that is to say, for goods sold and delivered.   The plaintiff entered judgment for want of an affidavit of defence, whereupon the defendant obtained this rule to show cause.

*F. E. Brewster,* for the rule.
*Badger,* contra.

Upon examination, it appeared that the copy of the book entries filed by plaintiff, was a copy of the ledger entries, and not of the entries in the original book of the plaintiff.

PER CURIAM.—The act of 28th March, 1835, sect. 2d., in using the words, "book debt" and "book entries," refers to their usual signification, which includes goods sold and delivered, and work, labour and services performed, the evidence of which, on the part of the plaintiff, consists of entries in an original book, such as is competent to go to a jury, were the issue trying before them. The words of a statute, are in construction, to receive their ordinary and usual meaning, and no strained inference is to be drawn; this is a familiar rule.   The judgment in this case must be set aside.

Rule absolute.