# Thomas *against* Shoemaker.*

An action was commenced by summons on Saturday the 1st day of January 1842, against the drawer of a promissory note dated 30th December 1840 and payable twelve months after date. *Held,* that the action was prematurely brought, the last day of grace (which was Sunday) not having fully expired before the writ issued; and that an offer in the court below to confess judgment to the plaintiff, upon terms not accepted, did not cure the error.

A month, in bills of exchange, notes and other mercantile contracts means in all cases a calendar and not a lunar month.

The parties to bills of exchange or promissory notes, entitled to claim the days of grace, have title to them as matter of right.

An action for money had and received will lie to recover back the excess of interest taken from one to whom an usurious loan has been made; and, in Pennsylvania, the defendant who is sued as the drawer of a promissory note, made by him to the order of the plaintiff, may, under the "Act for Defalcation," defalk an excess of interest taken from him by the plaintiff upon other and prior loans of money.

ERROR to the District Court for the city and county of *Philadelphia.*

Shoemaker & Ogden commenced an action against Moses Thomas by summons issued on Saturday the 1st day of January 1842, returnable on the first Monday of January 1842. The plaintiffs filed a copy of the note on which the suit was brought, in the following words:

*Philadelphia,* 30th *December* 1840.

$184.72.　　Twelve months after date I promise to pay to the order of Shoemaker & Ogden, without defalcation, one hundred and eighty-four dollars and seventy-two cents, value received.

M. Thomas.

The defendant filed the following affidavit of defence:

" Moses Thomas, the above-named defendant, being duly sworn, says, that he has a defence against part of the plaintiffs' claim in

---

* The reporters are indebted to E. D. Ingraham, Esq. for the report of this case.

[Thomas v. Shoemaker.]

the above action, which defence is as follows, to wit, that on the 28th day of March 1839, the said plaintiffs loaned to this deponent the sum of $500 for two months, for the use of which sum during the said two months they charged this deponent as interest the sum of $13.35, when the legal interest therefor was $5.35, the said plaintiffs retaining also the said amount for interest out of the price loaned, whereby the said interest was paid in advance; and on the 7th June 1839 the said plaintiffs loaned to deponent the sum of $350 for sixty days, taking for the use of said last-mentioned sum during the said sixty days the sum of $8.75, the legal interest being $3.50; the said plaintiffs also retaining the said sum of $8.75 for interest out of the said last-mentioned sum loaned, whereby the same was paid in advance. Deponent claims the right to defalk the said excess of interest above the amount of legal interest, now amounting, with legal interest thereon from the times when received, to $15.46, from the demand of the plaintiffs in this case, and is willing that judgment should be entered for the sum really due therein, to wit, $169.86."

The court rendered judgment for want of a sufficient affidavit of defence.

Errors assigned:

1. That the action in the court below was prematurely brought, the plaintiff in error being entitled to the whole day on which said action was brought to pay the note.

2. That the court below (supposing the action not to have been prematurely brought) gave judgment for the plaintiff when there was a sufficient affidavit of defence filed in the cause.

*Ingraham,* for the plaintiff in error.

It has long been settled that the days of grace are matter of right, and a party to a bill or note entitled to them cannot be sued before the last of them has expired. If it were otherwise, no reason would exist why the action might not be as well commenced on the morning of the first day of grace as on the afternoon of the last. The days of grace have always been allowed in Pennsylvania. *Bank of N. America* v. *Pettit,* (4 *Dall.* 127); *Fisher* v. *Evans,* (5 *Binn.* 541). That the last day of grace was Sunday certainly did not alter the law and accelerate the time of payment; it would seem to be a reason for an additional day. *Sims* v. *Hampton,* (1 *Serg. & Rawle* 411), and the cases there cited. Now it is well settled, that you cannot make a demand on the maker of a promissory note so as to render the endorser liable, *before* the last day of grace; *Jackson* v. *Newton,* (8 *Watts* 401); and it has been expressly decided that you cannot sue the *maker* of it *on* the last day of grace; *Osborn* v. *Moncure,* (3 *Wend.* 170), an authority directly in point. It has also been decided in the court to whose decision this writ of error is taken, that under the same facts as this record presents, you cannot sue an endorser. *Bevan* v. *El-*

[Thomas v. Shoemaker.]

*dridge,* (2 *Miles* 353). It will, no doubt, be insisted that this error ought to have been brought to the notice of the court below, and that it was waived by the ground taken in the affidavit of defence; but the answer to that is, that the offer was refused, which, if accepted, might have operated as a release of errors, and that such an error as this, on the face of the record, is ground for reversal here, as it would have been for a nonsuit at the trial, supposing the defendant did not interpose a plea that the suit was prematurely brought. 1 *Chitt. Pl.* 453, 8*th Am. edit.*

Upon the 2d point he insisted that ever since *Lowry* v. *Bourdieu,* (*Doug.* 471), it had been settled that in an action for money had and received, the debtor might recover from the creditor all beyond legal interest. 2 *Starkie on Ev.* 92 ; *Williams* v. *Hedley,* (8 *East* 378). The same principle is to be found in the Pennsylvania cases, where it has been held that a creditor may, where more than legal interest is included in a note or other security, recover the amount really due, but not the usurious interest. *Wycoff* v. *Longhead,* (2 *Dall.* 92) ; *Turner* v. *Calvert,* (12 *Serg. & Rawle* 46). In England this might be pleaded as a set-off; 2 *Term Rep.* 42 ; and under our Defalcation Act, which extends the remedy so as to give the defendant the benefit of any " receipt, account or bargain" between himself and the plaintiff, these various sums, though received in other transactions, formed an item of credit to which the defendant was entitled.

*Hopper,* for the defendants in error. It is too late after judgment in a proceeding in the court below, which is equivalent to a trial, verdict and judgment, to set up the first error assigned. It amounts, in effect, to a waiver of it, as it was not brought to the notice of the court which rendered this judgment. It is an error which the defendant could have released, and which he, in effect, did release, by his omitting to state it in his affidavit of defence. A plaintiff in error is confined to the objections taken at the trial, and cannot afterwards trip up his antagonist on points suggested after the removal of the record to this court. *Kensington* v. *Inglis,* (8 *East* 280) ; *Rowe* v. *Power,* (2 *New Rep.* 36) ; *Baring* v. *Shippen,* (2 *Binn.* 168). Supposing it not to be waived, however, the action was well brought. It is well known to be the practice of the banks in this city, acquiesced in by all the mercantile and trading community, that notes are payable on Saturday in cases where the last day of grace falls on Sunday, as was the case of this note. Payment may be demanded, therefore, lawfully on Saturday in such cases, and if payment may be demanded, suit may be brought to enforce it. The very point was decided in *Shed* v. *Brett,* (1 *Pick.* 401), in which the action was brought against the makers of a promissory note on the last day of grace, after demand and refusal to pay, and it was held by the Supreme Judicial Court of Massachusetts, a highly commercial State, to be well brought.

[Thomas v. Shoemaker.]

In regard to the 2d error, it is only necessary to say, that this is the first time this defence has been set up in this way; and it is not the same question as that raised in the cases of *Wycoff* v. *Longhead* and *Turner* v. *Calvert.* There the question arose in the same transaction; and if this doctrine be allowed, twenty cases of usury will have, perhaps, to be decided, before an action of *assumpsit* on a small promissory note can be tried. The answer to the English cases is, that they were Lord MANSFIELD's innovations, and that the old law was otherwise. *Skin. Rep.* 411; *Salk.* 22.

The opinion of the Court was delivered by

KENNEDY, J.—The first error is, that the note upon which the plaintiff below claims to recover in this action, had not become payable according to its tenor at the date of the impetration of the writ commencing the action. By an inspection of the record, the date certainly appears to be so, and therefore forms an insuperable objection to the plaintiff's recovery. The note is dated on the 30th December 1840, payable according to its terms 12 months after its date; and the writ was sued out on the 1st day of January 1842. Though, in general, when a deed mentions a *month*, it is construed to mean a lunar month, or 28 days, yet in bills of exchange, notes and other mercantile contracts, the rule is otherwise; and by the custom of trade, when a bill or note is made payable at a month or months after date, the computation must in all cases be by *calendar* and not by *lunar* months. 1 *Strange* 652 : *Lang* v. *Gale*, (1 *Maule & Selw.* 111); see also 2 *Chit. Black.* 140 and *note* (3). And again, in the case of a bond made payable a year after its date, if not paid on the last day of the year, a suit for the recovery of its amount may be commenced the next day: but in respect to bills and notes it is otherwise; there three days of grace are allowed to the acceptor or drawer before he can be sued. *Bank of North America* v. *Pettit*, (4 *Dall.* 127); *Fisher* v *Evans*, (5 *Binn.* 541). Originally they were called days of *grace*, because they were gratuitous, depending altogether on the will of the holder, and could not be claimed as a *right* by the person bound to pay; and although they still retain the name of grace, yet the custom of merchants recognised by law has long reduced them to certainty, and given the acceptor or maker a title to claim them as a matter of right. *Chitt. on Bills* 374. Allowing then the three days of grace to the defendant below, it is clear that the plaintiff there had no right to bring his action before the 3d of January, that is, not until after the three days of grace had fully expired. And accordingly the Supreme Court of New York held that an action brought against the *maker* of a promissory note *on* the third day of grace was prematurely brought, and that advantage might be taken of the error on the trial by nonsuiting the plaintiff. *Osborn* v. *Moncure*, (3 *Wend.* 170). Had this objection

[Thomas v. Shoemaker.]

been brought to the notice of the court below, it is not likely that they would have rendered a judgment for the plaintiff, or have held that the defendant was bound to file an affidavit of defence in such cases. For it would be preposterous to hold that the defendant was bound or could be required under the Act of Assembly or Act of the court, to file an affidavit of defence, when it ·appeared from the plaintiff's own showing that he had no cause of action against the defendant at the time of commencing his suit.

The second error relates to the sufficiency of the defence set out by the defendant below in his affidavit of defence to a part of the plaintiff's claim, which was that he claimed to defalcate $15.46 from the plaintiff's claim, that had been paid and allowed by him to the plaintiff as an excess of legal interest upon prior loans of monies made by the latter to the former. That money obtained by *oppression* and by taking advantage of the distresses of others, in violation of laws made for ,their protection, may be recovered back in an action for money had and received, seems to be well settled; because in such case the parties are not *in pari delicto.* *Lowry* v. *Bourdieu, per* Lord MANSFIELD, (*Doug.* 472); *Jones* v. *Barkley,* (*Ib.* 697, *note*); *Mathers* v. *Pearson,* (13 *Serg. & Rawle* 258). And according to this principle it has been held that such action will lie to recover back the excess of interest taken from the plaintiff on an usurious loan to him. *Smith* v. *Bromley,* (*Doug.* 697, *notes a and b*); *Astley* v. *Reynolds,* (*Strange* 915); *Williams* v. *Hedley,* (8 *East* 378); *Rep. Temp. Talb.* 40, *note*; *Lofft* 345 ;. *Browning* v. *Morris,* (*Cowp.* 792). Seeing then that the defendant below might have maintained an action against the plaintiff for money had and received to recover back the $15.46, excess of interest alleged to have been taken by the plaintiff below from the defendant, it cannot be questioned that under our Defalcation Act the latter may and has the right, if he chooses, to defalcate that sum from the plaintiff's demand. We therefore think that the court below erred in rendering a judgment against the defendant for the whole amount of the plaintiff's claim. Had not the plaintiff brought his action prematurely, and been willing to have accepted a judgment for the residue of his claim, after deducting the $15.46, the court might have rendered judgment for such residue in favour of the plaintiff against the defendant, but not otherwise.

Judgment reversed.