# Lucas *et al. versus* Government National Bank of Pottsville.

1. A national bank retaining more interest than is allowed by the 30th section of the Act of Congress of June 3d 1864, forfeits the entire interest on the loan.

2. In an action by a national bank the defendant may set-off the amount of usurious discounts on the other transactions.

3. The interest paid by defendant beyond that authorized by the Act of Congress, belongs to the defendant, and the bank can hold it only for his use.

4. In an action in a state court to recover back usurious interest charged by a national bank, the Pennsylvania Act of March 28th 1858, which limits the bringing of the suit to six months, does not operate. The suit may be brought at any time within six years.

5. Brown *v.* Second National Bank of Erie, 22 P. F. Smith 209; Thomas *v.* Shoemaker, 6 W. & S. 179, followed.

[Lucas *v.* Government National Bank.]

March 31st 1875.   Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Schuylkill county:* Of January Term 1874, No. 171.

This was an action of assumpsit, brought May 21st 1873, by The Government National Bank of Pottsville, against John Lucas and J. D. Jones, trading as John Lucas & Co.   The suit was for the recovery of the amount of a check for $3000, dated October 8th 1872, drawn by George J. Richardson in favor of defendants and by them endorsed and payable at The Mechanics' National Bank of Philadelphia, on the 1st of November 1872; also a note of Richardson for $2500, dated July 5th 1872, payable in four months to the defendants and by them endorsed; also a note of Richardson for $4000, dated September 28th 1872, payable in four months to the defendants and by them endorsed.

The defendants filed an affidavit of defence, June 24th 1873:

"That the said notes and check were sold to said plaintiffs at a discount of from 18 to 24 per cent. per annum, and defendants received from the plaintiffs the amount of said notes and check, less said rate of discount.   In addition to the above, the said plaintiff has received from said George J. Richardson, on his notes, within the past two years, the sum of not less than $3000 in excess of the legal rate of interest, the same having been purchased by the said plaintiff at about the rate of 21 to 24 per cent. per annum discount from said defendants, and said defendants claim from plaintiffs double the aforesaid amount, as provided by the Act of Congress."

Subsequently, June 24th, by leave of the court, defendants filed a supplemental affidavit of defence, setting out that through an oversight they had stated in the original affidavit that the discounts, amounting to $3000, had been paid by Richardson, and averred that the discounts had been paid by themselves.

On motion of the attorney of the plaintiffs, the court (Walker, J.) entered judgment against the defendant for $9466.81, the whole amount of the claim, less interest at the rate of 18 per cent. per annum from the maturity of the paper; the court holding that the claim as to the $3000 was in the nature of a penalty, and could not be the subject of a set-off; and that under the Pennsylvania Act of Assembly of March 28th 1858, sect. 2, Pamph. L. 622, 1 Br. Purd. 803, pl. 2, such excessive interest could not be recovered except suit were brought for it within six months.

The defendants took out a writ of error and assigned for error: entering judgment in favor of the plaintiff for $9466.81, and holding that the affidavits of defence were insufficient.

*D. A. Jones* and *J. W. & J. Ryon,* for plaintiffs in error.— The 30th sect. of the Act of Congress of June 3d 1864, under

[Lucas *v.* Government National Bank.]

which plaintiff was organized, authorizes national banks to reserve or charge on any loan or discount made on any note or other evidence of debt, interest at the rate allowed by the laws of the state where the bank is located; and knowingly reserving or charging a greater rate of interest, shall be a forfeiture of the entire interest on the note, &c., and if a greater rate of interest has been paid, the person paying the same may recover back in any action of debt twice the amount of the interest from the bank receiving the same; provided that such action be commenced within two years from the time the usurious transaction occurred.

The affidavit showed that the plaintiffs retained more than 6 per cent., Pennsylvania rate, and therefore the court should have deducted the whole interest: Brown *v.* Second National Bank of Erie, 22 P. F. Smith 209; Hartman *v.* Danner, 24 Id. 36; Youngman *v.* Walter, 23 Id. 134.    Usurious interest may be recovered back in an action for money had and received: Thomas *v.* Shoemaker, 6 W. & S. 179, and is not under the limitation of the Pennsylvania Act of 1858.    The offence of taking usury is that it is taken on the footing of a contract: Fitzsimmons *v.* Baum, 8 Wright 40; Heath *v.* Page, 13 P. F. Smith 121; s. c., 12 Wright 146; Beaver Co. *v.* Amstrong, 8 Id. 63; Campbell *v.* Sloan, 12 P. F. Smith 481; Bosler *v.* Rheem, 22 Id. 54; Chamberlain *v.* McClurg, 8 W. & S. 35.    Unliquidated cross-demands arising out of a distinct contract may be set-off: Nickle *v.* Baldwin, 4 W. & S. 290; Phillips *v.* Lawrence, 6 Id. 150; Ellmaker *v.* Ins. Co., Id. 439; Hunt *v.* Gilmore, 9 P. F. Smith 450.    A defendant may set-off usurious interest taken by plaintiff on other loans: Thomas *v.* Shoemaker, *supra;* 2 Starkie Ev. 92; Lowry *v.* Bourdieu, Doug. 451; Williams *v.* Hedley, 8 East 378; Philanthropic Building Association *v.* McKnight, 11 Casey 470; Kupfert *v.* Guttenburg Association, 6 Id. 465; Lloyd *v.* Scott, 4 Peters 205; Tyler on Usury, ch. 32, p. 421.    The 30th sect. as to usury is remedial and is to be liberally expounded: 1 Bl. Com. 88, and notes; Taylor *v.* United States, 3 Howard 352.

*G. R. Kaercher,* for defendant in error.—"From 18 to 24 per cent.," is too indefinite: Love *v.* Brown, 2 Wright 309.  Averments in affidavits of defence are to be taken most favorably for the plaintiff: Ogden *v.* Offerman, 2 Miles 40.    Jurisdiction of the question of forfeiture in this case was exclusively in the United States courts: 1 Kent's Com. 401–403, and therefore the defendant could not plead set-off in a state court: Waterman on Set-off 29.    Congress cannot compel a state court to entertain jurisdiction: Hintermister *v.* Bank, 10 New York R. (S. C.) 345; Tiffany *v.* National Bank of Missouri, 18 Wallace 410.    The forfeiture is a penalty and cannot be the subject of set-off: Bank of Chambersburg *v.* Commonwealth, 2 Grant 385.    A right of action

[Lucas v. Government National Bank.]

for tort cannot be assigned : Bullard *v.* Raynor, 30 New York 197 ; Waterman on Set-off 102, 148, 149, 154 ; Gogel *v.* Jacoby, 5 S. & R. 117 ; Fairman *v.* Fluck, 5 Watts 516 ; Wilson *v.* McElroy, 8 Casey 82 ; First National Bank of Mt. Joy *v.* Gish, 22 P. F. Smith 13.

Mr. Justice GORDON delivered the opinion of the court, October 11th 1875.

This was an action brought by the Government National Bank of Pottsville against John Lucas & Co., on two certain notes and one check, all of which were drawn by George J. Richardson to the defendants, and by them endorsed to the plaintiff. John Lucas, on the part of the defendants, filed an affidavit of defence, setting forth, "That the said John Lucas & Co. were the payees on the notes and check upon which suit is founded, and that George J. Richardson was the maker. That said notes and check were sold to the said plaintiff at a discount of from 18 to 24 per cent. per annum, and that the defendants received from the plaintiff the amount of said notes and check, less said rate of discount. In addition to the above, said plaintiff has received from said George J. Richardson (corrected by a supplemental affidavit to read 'defendants,' instead of 'George J. Richardson') on his (their) notes, not less than $3000 in excess of the legal rate of interest, the same having been purchased by the plaintiff at about the rate of 21 to 24 per cent. per annum discount from the said defendants ; and said defendants claim from the plaintiffs, double the amount of interest under the Act of Congress." On the 7th day of July 1873, on motion of the plaintiff's counsel, the court entered judgment against the defendants for the whole amount of the plaintiff's claim, with interest from and after the maturity of the paper, striking out and disallowing, however, 18 per cent., the amount of discount. This judgment is erroneous in that it includes interest on the paper in suit from the time it fell due. The Act of Congress speaks in this wise : "And knowingly taking, receiving or charging a rate of interest greater than aforesaid, shall be held and adjudged a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon :" Rev. Stat. sec. 5198.

Observe, it is the entire interest which the bill or note carries with it that is forfeited, and not merely that which the party borrowing may agree to pay. The illegal act destroys the interest bearing power of the obligation, and as there can be no point in the history of such paper at which it is freed from the taint of illegality, so it follows there can be no point of time from which it can bear interest. The plaintiff was entitled to recover the face of the note and check, and no more: Brown *v.* Second National Bank of Erie, 22 P. F. Smith 209.

[Lucas *v.* Government National Bank.]

Technically, the latter part of the affidavit of defence is bad, for it claims, as a set-off, that which the Act of Congress imposes as a penalty on the usurious transaction, to wit, double the amount of the interest paid. In this, defendants had no such interest as would enable them to use it by way of defalcation, for it could be acquired only through an action of debt under the statute, and until the forfeiture was pronounced in their favor, by judgment of the court, they had nothing therein which would be the subject of set off. But, as we hold, that the defendants are entitled to defalk the amount of the usurious discounts, which they paid the plaintiffs on previous transactions, we are disposed to treat the affidavit as faulty only in form, rather than substance. The money paid to the plaintiff, over and above that which the Act of Congress authorized it to receive, belonged to the defendants, and the bank could hold it only for their use. This very point was raised and decided in Thomas *v.* Shoemaker, 6 W. & S. 179. That case ruled that usurious interest paid might might be recovered back in an action for money had and received, and that it was not questionable, but that such interest secured on previous transactions, might be defalked against the plaintiff's claim in the suit then pending. This decision was made under the Act, 1823, then in force, by which, where more than legal interest was received, the money or other things lent was wholly forfeited.

The reason lying at the foundation of this and all similar decisions is very obvious. The receiving of such excessive interest, is treated by the supreme power in the state, as a public evil, and as such, prohibited; consequently, when taken against the statutory prohibition, it is acquired without right and no title thereto vests in the taker. In such case he is to be held as one wrongfully in possession of his neighbor's property.

This reason applies *à fortiori* to the case in hand, for these national banks are the mere creatures of the Act of Congress. From it they derive all the powers they possess; when, therefore, they act contrary to its express provisions and mandates, they usurp powers that do not belong to them, and such act is clearly *ultra vires* and void. In the case now in hand, if the affidavit of John Lucas be true, this bank has taken from the defendants some $3000, which the Act of Congress has not only, in express terms, declared it should not take, but imposed a penalty upon it for taking.

By no right, then, does the plaintiff hold this money; it has no property therein, and its possession thereof is but that of a trustee or bailee of the defendants.

Another error into which the court fell, was in supposing that the case came within the provision of our Act of March 28th 1858, which provides, that where the debt and excessive interest

[Lucas v. Government National Bank.]

have been paid, no action to recover back such excess can be maintained but within six months after such payment. But this case does not comes under that act, but as we have seen, under the Act of Congress, which operates upon a subject of its own creation, and over which it has supreme control; hence our act cannot be made to supplement the national statute with a limitation not found in it. As the only limitation found in the Act of Congress applies alone to the action for the penalty, it follows that the claim of the defendants can only be barred by a failure to sue for the same within the period of six years after it accrued.

The judgment is reversed and a *procedendo* awarded.