Dey v. Jackson.

## JAMES R. DEY v. JAMES JACKSON.

1. A claim arising from a *bonus* paid on a usurious loan, is the subject of a set-off, and will be barred, if not presented as a set-off, in a suit that offers an opportunity.
2. A plea of set-off containing a specification of various items as in the common counts, will be treated, as to form, in the light of a declaration, and if any of the specifications are good, a demurrer to the whole plea will not be sustained.

On demurrer to replication.

Argued at June Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *Scudder & Vredenburgh.*

For the defendant, *Wm. A. Lewis.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This action is in the form of *assumpsit*, and the declaration contains the common counts. Certain of the pleas which have been filed aver that after the accrual of the plaintiff's cause of action, a certain suit, in a plea of trespass on the case upon promises, had been brought in a court of this state by the defendant, against the plaintiff, and that such suit had proceeded to judgment, and which had been rendered for the defendant in a large amount. To these several pleas, the replication which has been put in has the aspect of a new assignment, and sets off that the claims sued for in the declaration, have accrued for various sums of money that the defendant " did extort, take, receive and accept of and from the plaintiff, over and above the legal rate of interest, for the loan by the defendant to the plaintiff of money," &c. A demurrer has been put in to this replication.

It will be observed, therefore, that the defence is, that the claim in suit could have been set off in the suit which, ante-

cedently to this action, the defendant had brought against the plaintiff, and that by force of the statute relating to set-off, the plaintiff's claim, in consequence of his failure to bring it forward on that·occasion, has become forever barred.   In reply to this position, the defendant says that the demand in suit consists of sums of money paid the defendant by way of *bonus* on usurious loans.

The theory upon which this replication is sought to be upheld is, that the claims in suit are not susceptible of being the subject of a set-off, the ground taken being that such claims grow out of a tort.   But this notion, with respect to the source of the plaintiff's claim, is erroneous, for such claim is not founded in a wrong done by the defendant to the plaintiff. The money demanded by this action was paid under an agreement between these parties; but as the defendant had no right to charge such a rate of interest, he now retains this money, without having paid any consideration for it, and on this account, it is recoverable. · The plaintiff himself, by bringing this suit in *indebitatus assumpsit*, has evinced that he did not consider his case arising in a tort.   That a recovery can be had for a claim of this character, and in this same form of action, was recently decided by this court in the case of *Brown* v. *McIntosh*, *ante p.* 22.   And in *Thomas* v. *Shoemaker*, 6 *Watts & Serg.* 179, the precise point now presented appears to have been taken and decided adversely to the contention of the counsel of the plaintiff.

The replication cannot be vindicated, and the demurrer, as to it, must be sustained.

But the counsel of the plaintiff looking back, by force of this demurrer, for the first fault in pleading disclosed in this record, contends that some of the pleas are bad.   But, if this be so, it is of no consequence on this issue, as the other pleas, which the replication attempts to answer, are admitted to be good.   The replication cannot be supported, unless it is a reply to all the defences to which it addresses itself.

In addition to the above there is another legal issue presented.

The seventh plea is a plea of set-off, and as a counter-claim to the demand in suit, it exhibits a judgment obtained by the defendant and *another person* against the plaintiff; then a judgment obtained by the defendant alone; and to these are added claims for work and labor, money lent, goods sold, in the usual form of the common counts. The plea is framed so as to claim but a single gross sum, the judgments and other items being stated in the form of specifications of the considerations of such sum.

The replication to this plea is, that the plaintiff ought not to be barred, &c., " because," to use its own words, " as to so much of the plea of the said defendant as relates to two judgments obtained against said plaintiff and another, and against said plaintiff alone, the said plaintiff says that said judgments are paid and satisfied ; and the said plaintiff, as to the residue of the said plea, says he was not, nor is indebted," &c.

To this replication there is a demurrer.

The pleading thus objected is insufficient, as it does not show that the alleged payment was made before the commencement of the suit. The replication is said, in this respect, to have been copied from the form of a plea of payment in 3 *Chit. Pl.* 996, *a ;* but this, it would seem, must be a mistake, for in that example there is an express averment that the payment was made " before the commencement of this suit."

In this connection it is also insisted by the counsel of the plaintiff, that the plea of set-off is defective, inasmuch as it, among other matters, sets up, as a set-off, a joint judgment rendered against the plaintiff, in favor of the plaintiff and another person. It is true that such a judgment could not be succesfully advanced as a counter-claim to the present cause of action ; but, nevertheless, this defect in the plea does not affect this legal issue. Pleas of set-off are regarded by the courts in the light of a declaration made up of several counts ; so that if either of the specifications of the subject of set-off is legal, a general demurrer to such plea will not pre-

vail. This principle was directly enforced in the case of *Dowsland* v. *Thompson*, 2 *W. Black.* 910.

The defendant must prevail likewise on this issue.