*273 On March 31, 1879, the Supreme Court affirmed -the decision of the Court below in the following opinion.
Per Curiam.
The record shows a judgment in the Court below upon a certified transcript from the Orphans’ Court of a balance due by the feme defendant as executrix of Lorenz Fisher, deceased. It is clear that the Court of Common Pleas could not re-examine the decree of the Orphans’ Court upon the administration accounts of the executrix. That the Court had jurisdiction and considering that the auditor was not appointed to make distribution — the error of Court in confirming his report, if there was any, could only be taken advantage oi an appeal. Neither the regularity nor the merits could be impeached collaterally. There' can be no doubt that the transcript was properly filed under the 29th section of the Act of March 29th, 1832, Pamphlet L., 197, and that a scire facias could be issued against the executrix. There was no error in entering judgment for want of an affidavit of defence. The case was within the spirit, if not the letter of the Act of April 14th, 1851, Pamp. L., 625, for the transcript when filed in the office of the Prothonotary of the Common Pleas became for all practical purposes a judgment of that Court, a hen to be revived like other judgments by scire facias. The judgment was beyond question a personal liability of the executrix, if there were no assets of the estate. There may be some irregularities in the proceedings, but after seven years had elapsed before a writ of error was issued — and execution by attachment executed — and no injustice appearing — we will not reverse on mere technicalities. With the record is brought up an appeal from an order of the Court below discharging a rule to open the judgment from which no appeal lies, and the Act of April 4th, 1877. Pamp. Laws 53 does not apply.
Judgment affirmed and appeal quashed.
In the attachment execution, No. 450, June Term, 1870, a rule to open the judgment was also taken on March 28, 1871, and the Court below on November 6, 1876, discharged the rule. F. J. Wachter and Mary Wachter then took a writ of error to the Supreme Court to No. 187, January Term, 1887. Among the errors *274 assigned were that the Court erred in holding that the return of non est inventus was a sufficient service and that after judgment against an Executrix, her individual property could be attached.
F. G. Farquhar, Esq., for Plffs. in Error argued that although since the passage of Act of April 29, 1844, P. Laws 512, service on defendant is not required if he does not live in county in which attachment issued ; yet in such case a return of nil habet is necessary. Murphy vs. Burke; Burke vs. Frick, T. & H. Practice, Vol. I, p. 958, note; a return of non est inventus is not sufficient; Hains vs. Viereck, 2 Phila. Rep. 40; Corbyn vs. Bollman, 4 W. & S. 343.
A Fi. Fa. or an attachment Execution must follow the judgment; T. & H. Practice, Vol. I, p. 977; Act of June 16, 1836, P. Laws 767; Section 35, P. Dig. 745, Pl. 37; hence after judgment against Mary Wachter, Executrix of Lorenz Eisher, an attachment execution against debts owing to Mary Wachter individually could not issue.
J. W. Ryon and A. W. Schalck, Esqs., for Graber argued, that since Act of March 20, 1845, P. Laws 189, Sec., 4, P. Dig., 747 Pl. 45; defendant must show residence. That cases cited by Plff. were decided before Act of 1845 was passed. That Wachter and his wife having left the county cannot complain. That the charge and the lien were against Mary Wachter personally and the attachment was therefore properly issued to attach money due to her individually.
On March 31,1879, the Supreme Court affirmed the decree of the Court below in the following opinion:
Per Curiam.
This was a judgment in the Court below upon an attachment execution. By the 4th Section of the Act of March 20, 1845, Pamphlet L. 189; so much of the 36th Section of the Act of June 16, 1836, as requires service of the attachment on any defendant was repealed except when the defendant is a resident of the county in which the attachment issued. If there was error in this, it was an error of fact and the residence of the defendant in the county should have been pleaded. This writ of error was prosecuted by the defendant below and not by the garnishee, and *275 if there was an error in entering judgment upon the answers it is not for the defendant to take advantage of it. No doubt the judgment on the Scire Facias was a judgment against the executrix personally and her individual property was liable to the attachment. With the record is brought up also an appeal by the garnishee from an order of the Court discharging a rule to strike off the judgment. It is clear that no appeal lies in such a . case.
Judgment affirmed and appeal quashed.
Nicholas Graber had also sued Mary Leimers, afterwards Mrs. Waehter; to No. 8, December Term, 1869, alleging that she collected certain rents of property which had belonged to Lorenz Fisher, of which Graber was entitled to one-fifth, and also for the one-fifth of the rent of a property which was occupied by Mary Leimers. A bill of particulars was filed as follows:
Rents due on Centre street property.................. $720 00
Moneys collected for the use of plaintiff by defendant. , 360 00
$1,080 00
Judgment was taken on March 28, 1870, against defendant for default of an affidavit of defence, Prothonotary to assess damages; under the Act of Assembly of April 14th, 1851, P. Laws 625, Section 14, and the rule of Court, relative thereto.
The assessment was made on April 12,1870, against Mary Leimers, now Waehter, for $636.00 and is as follows :
Amount received by defendant for the use of plaintiff, and amounts due for occupation of estate as per statement filed with narr calculating up to July 1st, 1869, $
Less credits allowed.............................. $
$636 00
On May 23,1870, defendant took a rule to open the judgment for matter of record and on Sept. 10, 1870, the rule was discharged. On Sept. 24,1870, it was suggested, of record that defendant was married to F. J. Waehter, On March 22, 1877, a writ of error was taken to No. 201 January Term; 1877, by Waehter and wife. The errors alleged were that the Court erred in not striking off the judgment, because, 1st. Defendant was a married woman and her husband was not joined. 2nd. The clai m *276 was not such as admitted a judgment for want of an affidavit. 3rd. The bill of particulars was not such as required by law. 4th. The assessment of damages was indefinite and bore no relation to the declaration or bill of particulars.
F. G. Farquhar, F. P. Dewees and Thomas R. Bannan, Esqs., for plaintiffs in error argued that the Act of April 14, 1851, P. Laws 625, being in derogation of the right of trial by jury must be strictly construed; Wall vs. Dovey, 10 P. F. S. 212; Paterson vs. Poindexter, 6 W. & S. 227. Judgment of default was improperly taken; Thompson vs. Shoemaker, 6 W. & S. 179. The bill of particulars was not sufficient as it did not on its face fasten a liability on defendant; Wall vs. Dovey, 10 P. F. S. 212; Hummell vs. O’Donnell, 2 Miles 101.
A. W. Schalck, John W. Ryon and James Ryon, Esqs., contra, argued, that the refusal to open the judgment was not assignable for error; Brightly Digest 811, pl. 77 and 78. The Court below had power to make rules for judgment for want of an affidavit of defence; Vanetta vs. Anderson, 3 Binney 417, and they can best construe their own rules; Ellmaker vs. Franklin Ins. Co., 5 Barr 189; Daily vs. Green, 3 H. 118, 128; Carey vs. Webber, 4 Brewster 62; and this Court will not reverse for a construction not palpably erroneous; Coleman vs. Nantz, 13 P. F. S. 178; Franklin vs. Calhoun, 9 P. F. S. 381; Wickersham vs. Russell, 1 P. F. S. 71. The husband was not entitled to notice; Bering vs. Burnet, 2 Clark 399: Eneu vs. Clark, 2 Barr 234. The Court construes the Married Woman’s Act of 1848 liberally; Cumming’s Appeal, 1 Jones 272; Goodyear vs. Rumbach, 1 H. 480; Sheidle vs. Weishlee, 4 H. 135. The objection is too late; Hutchinson vs. Preston, 2 Pitts 303. The money was made on an attachment execution in 1871. Restitution will not be awarded on a bald legal right against equity and justice; Grant vs. Rodgers, 5 Phila. 132. The Court will not reverse for an alleged irregularity in practice after seven years delay; Crosby vs. Massey, 1 P. & W. 229.
The decision of the lower Court was affirmed on March 31, 1879, in the following opinion by
Sharswood, C. J.
We must presume that the rule of Court relied on by the defendant was in force, as it was recognized by the Court below. *277 Without such a rule there was no pretence of power in the Court to enter a judgment for want of an affidavit of defence. It does not appear by the record that the defendant at the time of the judgment was a married woman. She is stated to' be so in the assessment of damages some time after the judgment, and nearly six months afterwards a formal suggestion of the fact is made on the record. The bill of particulars filed .was sufficiently specific and damages were assessed at a much less sum allowing credits. If there was anything wrong in this assessment the Court below was the proper tribunal to correct it.
Judgment affirmed.