**[J-8A-2023 and J-8B-2023] [MO: Todd, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, JJ.**

| | | |
|---|---|---|
| SANDRA DINARDO A/K/A SANDRA AFFATATO, AS POWER OF ATTORNEY ON BEHALF OF COSMO DINARDO, | : | No. 22 EAP 2022 |
| | : | |
| | : | Appeal from the Judgment of |
| | : | Superior Court entered on January |
| Appellant | : | 26, 2022, at No. 1905 EDA 2020 |
| | : | affirming in part and reversing in |
| | : | part the Order entered on July 20, |
| | : | 2020, in the Court of Common |
| v. | : | Pleas, Philadelphia County, Civil |
| | : | Division, at No. 460 July Term 2019. |
| | : | |
| CHRISTIAN KOHLER, M.D., HOSPITAL OF | : | |
| THE UNIVERSITY OF PENNSYLVANIA, | : | ARGUED: March 7, 2023 |
| UNIVERSITY OF PENNSYLVANIA | : | |
| HEALTH SYSTEM AND TRUSTEES OF | : | |
| THE UNIVERSITY OF PENNSYLVANIA, | : | |
| | : | |
| Appellees | : | |
| | | |
| SANDRA DINARDO A/K/A SANDRA AFFATATO, AS POWER OF ATTORNEY ON BEHALF OF COSMO DINARDO, | : | No. 23 EAP 2022 |
| | : | |
| | : | Appeal from the Judgment of |
| | : | Superior Court entered on January |
| Appellant | : | 26, 2022, at No. 1906 EDA 2020 |
| | : | affirming and reversing the Order |
| | : | entered on July 20, 2020 in the |
| v. | : | Court of Common Pleas, |
| | : | Philadelphia County, Civil Division, |
| | : | at No. 460 July Term 2019. |
| CHRISTIAN KOHLER, M.D., HOSPITAL OF | : | |
| THE UNIVERSITY OF PENNSYLVANIA, | : | ARGUED: March 7, 2023 |
| UNIVERSITY OF PENNSYLVANIA | : | |
| HEALTH SYSTEM AND TRUSTEES OF | : | |
| THE UNIVERSITY OF PENNSYLVANIA, | : | |
| | : | |
| Appellees | : | |

**<u>CONCURRING OPINION</u>**

I join the Majority Opinion's analysis of the no felony conviction recovery rule and the resulting disposition. I write separately to emphasize the distinct nature of the *in pari delicto* doctrine. The majority correctly relies on *in pari delicto* only to "inform[] [its] understanding of the no felony conviction recovery rule" as they "have similar origins, are grounded in the same public policies, and are sometimes used interchangeably." Majority Opinion at 22-23. But, "many courts appear to use [*in pari delicto* and the no felony conviction recovery rule] interchangeably rather than treating *in pari delicto* as 'a specific limited application' of the general principle that 'no court will lend its aid to a man who grounds his action upon an immoral or illegal act.'" *Albert v. Sheeley's Drug Store, Inc.,* 265 A.3d 442, 446 n.2 (Pa. 2021) (citation omitted). As both doctrines originate from, and are designed to effectuate, that same maxim, understandable confusion — and at times overlap in application — may arise.

But "[g]iven its Latin meaning ('in equal fault'), the phrase *in pari delicto* seems most apt when the plaintiff and the defendant commit a crime together[.]" *Id. See, e.g.*, *New York & Pennsylvania Co. v. Cunard Coal Co.,* 132 A. 828, 831 (Pa. 1926) (finding the parties *in pari delicto* when both plaintiff and defendant engaged in illegal transaction); *and Palmer v. Foley,* 157 A. 474, 476 (Pa. 1931) (finding grantor was not *in pari delicto* with grantee as she was old, "feeble-minded," and induced by the undue influence of the grantee to make the fraudulent conveyance). Although some courts have apparently "dispensed with the requirement that the relative degrees of fault, as between plaintiff and defendant, must be indistinguishable (or the plaintiff's responsibility is clearly greater). . . . Pennsylvania law . . . has not followed a similar path." *Off. Comm. of Unsecured Creditors of Allegheny Health Educ. & Rsch. Found. v. PriceWaterhouseCoopers, LLP,*

989 A.2d 313, 329 n.19 (Pa. 2010), *citing Peyton v. Margiotti,* 156 A.2d 865, 868-69 (Pa. 1959) (describing the at-least-equal-fault approach).

Pennsylvania law reflects the "classic formulation" of *in pari delicto,* under which "courts must consider: (1) the extent of the plaintiff's wrongdoing vis-à-vis the defendant; and (2) the connection between the plaintiff's wrongdoing and the claims asserted." *Albert,* 265 A.3d at 450. The plaintiff "must bear 'substantially equal or greater responsibility' for the underlying harm as compared to the defendant" to be precluded from recovery. *Id. See also PriceWaterhouseCoopers,* 989 A.2d at 329, *quoting McAdam v. Dean Witter Reynolds, Inc.,* 896 F.2d 750, 757 (3d Cir. 1990) (same). As such, *in pari delicto* is triggered only when **both** the plaintiff and defendant voluntarily participated in the underlying wrongdoing. Its application is thus not "interchangeable" with the no felony conviction recovery rule, which precludes relief based solely on the **plaintiff's** wrongdoing. *See, e.g.,* Majority Opinion at 17 (explaining *in pari delicto* concerns "case[s] of mutual fault" whereas the no felony conviction recovery rule "focuses on the illegality of the underlying act" by the plaintiff).

The dearth of case law explaining *in pari delicto* has perhaps allowed a "murky area of the law," *PriceWaterhouseCoopers,* 989 A.2d at 318, to be unintentionally subsumed by the no felony conviction recovery rule, such that they are occasionally treated as one and the same. Today's opinion clarifies that they are not the same.

One final observation: because the case before us concerns a guilty plea to first-degree murder, the majority appropriately declines to "address the applicability of the rule where an individual's actions are deemed to be less than intentional, such as in the context of a judicial finding of insanity or a verdict of guilty but mentally ill, where the calculus regarding the rule's application may differ." Majority Opinion at 27. Along similar lines, I noted in *Albert* that "some jurisdictions recognize a 'culpability' exception to the

wrongful conduct rule" — another name for Pennsylvania's no felony conviction recovery rule. *Albert*, 265 A.3d at 457 n.6 (Dougherty, J., dissenting); *accord* Majority Opinion at 19 ("our modern version of [the wrongful conduct rule is] known as the 'no felony conviction recovery rule'"). Such an exception "permits a plaintiff who has engaged in illegal conduct to 'still seek recovery against the defendant if the defendant's culpability is greater than the plaintiff's culpability for the injuries, such as where the plaintiff has acted under circumstances of oppression, imposition, hardship, undue influence, or great inequality of condition or age.'" *Albert,* 265 A.3d at 457 n.6, *quoting Orzel v. Scott Drug Co.*, 537 N.W.2d 208, 217 (Mich. 1995).

As I remarked in *Albert,* "[t]his Court appears to have embraced a similar exception" in our own jurisprudence. *Id.*, *citing Peyton*, 156 A.2d at 868; *Palmer,* 157 A. at 476; *and Thomas v. Shoemaker*, 6 Watts & Serg. 179, 183 (Pa. 1843). In an appropriate future case, I believe we should more closely examine these decisions and clarify whether they recognized a culpability exception within our law — either with respect to the *in pari delicto* doctrine, the no felony conviction recovery rule, or both — and, if not, whether we should adopt one.